1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| JILA SABOURI-CICHANI, | ) | Case No.: 5:10-CV-04041 EJD |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING DEFENDANT'S** |
| | ) | **MOTION FOR SUMMARY** |
| v. | ) | **JUDGMENT** |
| | ) | |
| SAMUELS JEWELERS, INC.; DOES 1 through | ) | |
| 50, inclusive, | ) | |
| Defendants. | ) | **[Re: Docket No. 35]** |
| | ) | |
| | ) | |

In this employment discrimination action brought by Plaintiff Jila Sabouri-Cichani ("Plaintiff"), presently before the Court is Defendant Samuels Jewelers, Inc.'s ("Defendant" of "Samuels") Motion for Summary Judgment. See Docket Item No. 35. The Court found these matters appropriate for decision without oral argument pursuant to Local Civil Rule 7–1(b), and previously vacated the corresponding hearing date. Federal jurisdiction arises pursuant to 28 U.S.C. § 1332.

Having fully reviewed the parties' papers the Court will grant Defendant's Motion for Summary Judgment.

1

1

**I.      Background**

2

3

**A.  Factual Background**

4

5

On or around August 24, 2009, Defendant began to employ Plaintiff as a full-time, at-will

6

jewelry sales associate in its Santa Clara, California store located in the Valley Fair Shopping Mall.

7

<u>See</u> Decl. of Howard J. Steele ("Steele Decl."), Docket Item No. 36, Ex. 2, Offer Letter. Plaintiff

8

was supervised by Annabelle Caballero, a store manager, and worked with William Youkhana, an

9

assistant manager.

10

In January 2010, Defendant's Loss Prevention group conducted a company-wide

11

investigation into potential improper sales transactions by its sales associates. Steele Decl. Ex. 4.

12

On January 26 and 27, Samuels' Assistant Director Ramona Garcia went to the Santa Clara store to

13

conduct an investigation. Steele Decl. Ex. 13, Dep. of Ramona Garcia, at 14:23–15:21. Among

14

other issues, the investigation sought to uncover and rectify possible violations of company policy

15

requiring sales associates to obtain customer signatures on sales receipts and credit card

16

applications. Defendant considers an associate's failure to obtain a signature on sales receipts and

17

credit card applications to be a serious violation and one that exposes the company to losses and

18

damages resulting from fraud. Steele Decl. Ex. 9, Dep. of Dan Ramirez, at 10:4–10:21.

19

In the course of the investigation, Defendant determined that Plaintiff, Caballero,

20

Youkhana, and co-workers Christina Cheung and Grace Cheong had all engaged in improper sales

21

transactions. Steele Decl. Ex. 15, Credit Investigation Memorandum. After an interview with

22

Garcia on or around January 27, 2010, Plaintiff admitted in a written statement that she had rung

23

up sales worth approximately $11,000.00 without the customer present and had failed to get the

24

customer's signature on the sales receipt. Steele Decl. Ex. 6; <u>id.</u> Ex. 14, Dep. of Jila Sabouri-

25

Cichani, at 97:19–100:12. During the interview with Garcia, Plaintiff complained about poor

26

27

28

Case No.: 5:10-CV-04041 EJD
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

United States District Court
For the Northern District of California

1    treatment she had received from her managers and coworkers. Decl. of Brian S. Kreger ("Kreger

2    Decl."), Docket Item No. 41, Ex. E, Dep. of Ramona Garcia, at 52.

3          On or around January 28, 2010 Plaintiff spoke with human resources representative

4    Elizabeth Stobaugh. Kreger Decl., Ex. C, Decl. of Elizabeth Stobaugh. In this conversation,

5    Plaintiff complained that Youkhana was discriminating against her because of her national origin,

6    doing so by failing to schedule her shifts on Sundays. Id. at 29:2–11. Plaintiff's national origin is

7    Iranian; Youkhana's national origin is Iraqi. On February 4, 2010, Plaintiff submitted a written

8    complaint iterating her allegations of discrimination based on national origin. Steele Decl. Ex. 7.

9          As a result of the findings of the Loss Prevention investigation, Samuels Loss Prevention

10    Director Dan Ramirez recommended to the Vice President of Store Operations that Youkhana,

11    Cheung, and Plaintiff be terminated and that Caballero and Cheong be given a final written

12    warning. Steele Decl. Ex. 15, Credit Investigation Memorandum. However, instead of being

13    terminated, Plaintiff received a Final Written Warning as a corrective action, dated February 8,

14    2010. Steele Decl. Ex. 16, Notice of Corrective Action. Caballero, Cheung, and Youkhana received

15    the same Final Written Warning corrective action. Id. Additionally, on February 11, 2010 Plaintiff

16    and her co-workers were each individually counseled about the proper sales procedures including

17    the requirement to obtain customer signatures on the same receipts and credit applications before

18    the customers take possession of the merchandise. Steele Decl. Ex. 17, Dep. of Kader Joseph, at

19    23:20–24:25. Each of the employees who received Final Written Warnings, including Plaintiff, was

20    told of the consequences for another improper sales violation which may include termination of

21    employment. Id.; id. Ex. 14, Dep. of Jila Sabouri-Cichani, at 137:16–139:11.

22          On February 14, 2010, a Sunday, Plaintiff made a sale to customer Edwin Camargo.

23    Afterwards, Cheung told Caballero that Plaintiff allowed Camargo to walk out of the store with a

24    piece of merchandise without signing the sales receipt or credit card application. Steele Decl. Ex. 5,

25    Dep. of Annabelle Caballero, at 81:13–83:17; id. Ex. 12; id. Ex. 17, Joseph Dep. at 41:16–49:20.

26    Caballero confronted Plaintiff about the incident. Camargo was later called in to sign the credit

27    application, which he did when he returned to the store a few days later. Steele Decl. Ex. 22 Dep.

28

Case No.: 5:10-CV-04041 EJD
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

of Edwin Camargo, at 10:9–11:12. Camargo testified he could not remember everything he had to sign and on which day. Id.; see also Kreger Decl. Ex. I, Camargo Affirmation, dated Dec. 1, 2010.

In an email dated February 17, 2010, district manager Kader Joseph, who had been informed of the February 14 incident by Caballero, sent an email to Loss Prevention relating that Plaintiff had conducted a sales transaction with Camargo without obtaining his signature on the sales receipt and credit application. Steele Decl. Ex. 20. In a Change of Status notice dated February 22, 2010 and signed by Stobaugh, Defendant terminated Plaintiff's employment effective February 23, 2010. Steele Decl. Ex. 3.

### B.  Procedural History

Plaintiff filed the Complaint underlying this action in Santa Clara County Superior Court on July 20, 2010. The Complaint asserted two causes of action for retaliation and wrongful termination. In the Complaint Plaintiff averred that her verbal and written complaints of discrimination constituted protected activities within the meaning of California's Fair Employment and Housing Act ("FEHA"), Cal. Gov. Code § 12940. Compl. ¶ 8. Plaintiff further contended that her termination of employment was a "direct result" of these complaints, which she asserted is a violation of § 12950. Id. ¶ 9.

On September 9, 2010 Defendant properly removed the action to this Court pursuant to 28 U.S.C. § 1332 et seq. based on diversity of citizenship. See Removal. After discovery took place, including the taking of depositions of at least ten individuals, Defendant filed this Motion for Summary Judgment on April 20, 2012. See Docket Item No. 35.

### II.     Motion for Summary Judgment Standard

A motion for summary judgment should be granted if "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a);

Case No.: 5:10-CV-04041 EJD
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

United States District Court
For the Northern District of California

Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000). The moving party bears the initial burden of informing the court of the basis for the motion and identifying the portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of a triable issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

If the moving party meets this initial burden, the burden then shifts to the non-moving party to go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); Celotex, 477 U.S. at 324. The court must regard as true the opposing party's evidence, if supported by affidavits or other evidentiary material. Celotex, 477 U.S. at 324. However, the mere suggestion that facts are in controversy, as well as conclusory or speculative testimony in affidavits and moving papers, is not sufficient to defeat summary judgment. See Thornhill Publ'g Co. v. GTE Corp., 594 F.2d 730, 738 (9th Cir. 1979). Instead, the non-moving party must come forward with admissible evidence to satisfy the burden. Fed. R. Civ. P. 56(c); see also Hal Roach Studios, Inc. v. Feiner & Co., Inc., 896 F.2d 1542, 1550 (9th Cir. 1990).

A genuine issue for trial exists if the non-moving party presents evidence from which a reasonable jury, viewing the evidence in the light most favorable to that party, could resolve the material issue in his or her favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248–49, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); Barlow v. Ground, 943 F.2d 1132, 1134–36 (9th Cir. 1991). Conversely, summary judgment must be granted where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

**III.    Discussion**

Plaintiff bases her FEHA cause of action on California Government Code § 12940, which makes it unlawful for an employer to terminate an employee in retaliation for the employee's engaging in protected activity such as opposing or complaining of discriminatory activity in the workplace. To establish a prima facie case for unlawful retaliation and wrongful termination under

5

United States District Court
For the Northern District of California

1    this section Plaintiff must show "(1) involvement in a protected activity, (2) an adverse

2    employment action and (3) a causal link between the two." Brooks v. City of San Mateo, 229 F.3d

3    917, 928 (9th Cir. 2000). If a plaintiff meets this burden, the defendant must put forth a legitimate,

4    non-discriminatory reason for the adverse employment action; if that is accomplished, the plaintiff

5    must then show that the stated reason is pretext. Id.; see also Crown v. Wal-Mart Stores, Inc., 8

6    Fed. App'x 776, 778 (9th Cir. 2001) (holding that a plaintiff to a retaliation complaint has the

7    burden of proving—in addition to the engagement in protected activity and the causal link between

8    that activity and the retaliatory conduct—that the employer's explanation for the action was a

9    pretext for the illegal consequence).

10       An employee-plaintiff seeking to avoid the granting of summary judgment, as Plaintiff is in

11   this case, cannot rely on the prima facie showing; rather he or she must "must adduce substantial

12   additional evidence from which a trier of fact could infer the articulated reasons for the adverse

13   employment action were untrue or pretextual." Loggins v. Kaiser Permanente Int'l, 151

14   Cal. App. 4th 1102, 1113 (2007); Barefield v. Bd. of Trustees of Cal. State Univ., Bakersfield, 500

15   F. Supp. 2d 1244, 1272 (E.D. Cal. 2007) ("[T]o survive summary judgment, Plaintiff must provide

16   sufficient facts that the alleged adverse actions materially affect the conditions of her employment,

17   including performance or opportunity for advancement."); Yanowitz v. L'Oreal USA, Inc., 36 Cal.

18   4th 1028, 1046 (2005).

19       Plaintiff contends that the facts demonstrate that she has presented a prima facie case of

20   unlawful retaliation. She asserts that her employment was terminated as a direct result of her verbal

21   and written complaints—of January 28, 2010 and February 4, 2010, respectively—which she

22   contends constituted an activity protected by FEHA. She further argues that Defendant's stated

23   reason for her termination was a pretext to the actual unlawful retaliation to her complaints of

24   discrimination.

25       In response, Defendant points to the incident of February 14, 2010 as the actual reason

26   behind Plaintiff's termination. Defendant asserts that Plaintiff's failure to obtain Camargo's

27   signature on the sales receipt was the reason for her termination as that failure was a violation of

28

Case No.: 5:10-CV-04041 EJD
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

1    company policy. Defendant also notes that this occurrence took place in the immediate aftermath

2    of the Loss Prevention investigation and Plaintiff's having received a Final Written Warning about

3    such specific violations and individual counseling as to the company policy. Essentially, Defendant

4    argues that while Plaintiff may have satisfied the first two prongs of the Brooks prima facie case—

5    that Plaintiff engaged in protected activity and faced adverse employment action—she has failed to

6    establish a causal link between her complains and the termination.

7            The Court agrees with Defendant that Plaintiff has fallen short of her burden of establishing

8    a prima facie case. Even after extensive discovery, Plaintiff has not presented sufficient evidence

9    tending to show that she was terminated as a result of her complaints. Plaintiff relies simply on

10   conjecture and speculation: she provides, for example, no statements or conversations among the

11   terminating parties that refer to her termination in the same context as her complaints, let alone that

12   those complaints were the reason for her termination. See Cole v. Unites States Parcel Service,

13   Inc., 211 Fed App'x 584 (9th Cir. 2006); Williams v. State of Calif. Dep't of Corrections, 13 Fed

14   App'x 717 (9th Cir. 2001). In a summary judgment motion, the non-moving party may not rest

15   upon mere allegations or denials of the moving party's evidence, but instead must point to

16   admissible evidence that shows there is a genuine issue of material fact for trial. Nissan Fire &

17   Marine Ins. Co. v. Fritz Cos., Inc., 210 F.3d 1099, 1102–03 (9th Cir. 2000); Nelson v. Pima Cmty.

18   College Dist., 83 F.3d 1075, 1081–82 (9th Cir. 1996) ("[M]ere allegation and speculation do not

19   create a factual dispute for the purposes of summary judgment."); Arpin v. Santa Clara Valley

20   Transp. Agency, 261 F.3d 912, 922 (9th Cir. 2001) ("[The plaintiff's] conclusory allegations

21   unsupported by factual data are insufficient to defeat [the defendant's] summary judgment

22   motion."). Plaintiff repeatedly asserts that she was terminated because of her complaints of

23   discrimination without presenting evidence to support those assertions.

24           In cases where summary judgment was denied, the plaintiff was able to point to specific

25   direct and circumstantial evidence suggested or showed that the employment termination was

26   motivated by the plaintiff's engaging in a protected activity like complaining of discrimination or

27   harassment. For example in Walker v. Grand Energy Services, LLC, a plaintiff presented evidence

28

Case No.: 5:10-CV-04041 EJD
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

United States District Court
For the Northern District of California

1    showing that he received an angry reaction from his supervisor after complaining about racial

2    discrimination. 726 F. Supp. 2d 1091, 1102 (E.D. Cal. 2010). The plaintiff in that case was also

3    able to present testimonial evidence from a co-worker that the plaintiff's supervisor said he was

4    going to terminate the plaintiff because the plaintiff had complained about the supervisor's

5    harassing conduct. Id. at 1098. In Reeves v. Safeway Stores, Inc., a case Plaintiff has cited in

6    support of her position, the court reversed the granting of summary judgment because there

7    remained a triable issue of fact as to the reasoning behind the plaintiff's termination. 121 Cal. App.

8    4th. 96 (2004). In that case, the plaintiff presented affirmative evidence that the cause-in-fact of his

9    termination was his complaining about sexual harassment in the workplace. Id.

10          In this case, Plaintiff has presented no similar direct or circumstantial evidence pointing to

11   the rationale as to why she was terminated. It is also worth noting that the person about whom she

12   complained of as discriminating against her based on her nationality—Youkhana—had no input in

13   the decision to terminate her employment.

14          Plaintiff argues that summary judgment should be denied because there exists a question of

15   fact as to whether Camargo actually signed the sales receipt when he made the purchase on the

16   February 14, 2010—the incident which Defendant contends was the reason for Plaintiff's

17   termination. Plaintiff points to various discrepancies in Camargo's deposition testimony and

18   written statement as showing that it remains an open question of fact whether he had signed the

19   sales receipt on February 14, 2010 in Plaintiff's presence—in compliance with company policy—

20   or days later after he was called by the store's management to return to sign the receipts—which

21   would imply that Plaintiff had violated the policy. In that regard, Plaintiff disputes Defendant's

22   contention that she acted improperly or in violation of company policy in carrying out the Camargo

23   transaction because, she asserts, Camargo indeed signed the receipt in her presence on the date of

24   the purchase. At the least, Plaintiff contends this remains a material question of fact sufficient to

25   defeat Defendant's summary judgment motion. Since she did not violate company policy, Plaintiff

26   argues, Defendant had no reason to terminate her employment other than her complaints of

27   discrimination: a violation of FEHA. Plaintiff suggests that if a fact-finder were to conclude that

28

8

Case No.: 5:10-CV-04041 EJD
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

1  Camargo did not sign the sales receipt, then it would be sufficient to establish that that incident was

2  a pretext for her termination.

3      The Court does not agree. Regardless as to whether there is a question of fact regarding the

4  February 14, 2010 incident, Plaintiff has still failed to meet her burden of establishing a causal

5  nexus between her complaints and the termination of her employment. Even if Plaintiff is able to

6  negate the contention that she was fired because of the February 14, 2010 incident, she has still not

7  presented an affirmative reason for her termination beyond mere speculation or the conclusory

8  allegation that she was terminated because of the complaints of alleged discrimination. As noted,

9  Plaintiff has presented no affirmative evidence suggesting that the reason she was terminated was

10  because she had filed complaints of discrimination. Negating Defendant's stated reason for

11  termination does not automatically imply that she was terminated for the reasons Plaintiff suggests

12  she was terminated. As such, Plaintiff has failed to satisfy her burden.

13      Finally, Plaintiff may argue that the temporal proximity between her complaint and

14  termination implies unlawful retaliation. Indeed, close proximity in time may support an inference

15  of retaliation. Anthoine v. N. Cent. Counties Consortium, 605 F.3d 740, 751 (9th Cir. 2010).

16  However, such close proximity acts only as a support for an inference; courts have been advised

17  not to engage in a "mechanical inquiry" into the amount of time between the allegedly protected

18  conduct and the alleged retaliatory action. Id. citing Coszalter v. City of Salem, 320 F.3d 968, 977–

19  78 (9th Cir. 2003). Without presenting underlying evidence suggesting a causal link, temporal

20  proximity alone is insufficient to satisfy the prima facie case burden.

21

22

23  **IV.    Conclusion and Order**

24      For the aforementioned reasons Defendant's Motion for Summary Judgment is GRANTED

25  in its entirety.

26

27

28

9

United States District Court
For the Northern District of California

1

2

3          Since this order effectively resolves this case, all previously-set deadlines and hearings, including the trial dates, are VACATED. Judgment shall be entered in favor of Defendant and the clerk shall close this file.

4

5    **IT IS SO ORDERED.**

6    Dated: October 25, 2012

7                                          

8                                          EDWARD J. DAVILA
                                           United States District Judge
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10

Case No.: 5:10-CV-04041 EJD
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT